[No. B034308. Second Dist., Div. Five. Jan. 12, 1990.]

WILSHIRE FINANCIAL TOWER, Plaintiff and Respondent, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

COUNSEL

James K. Hahn, City Attorney, Claudia McGee Henry, Assistant City Attorney, Jolaine Harkless and Raymond S. Ilgunas, Deputy City Attorneys, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Andrea Sheridan Ordin, Chief Assistant Attorney General, Carole R. Kornblum, Assistant Attorney General, Marian M. Johnston and John Davidson, Deputy Attorneys General, as Amicus Curiae on behalf of Defendants and Appellants.

Feinberg, Gottlieb & Grossman, Mark S. Gottlieb and William A. Feinberg for Plaintiff and Respondent.

OPINION

ASHBY, J.—This case involves interpretation of statutory law requiring privately funded office buildings to be accessible to physically handicapped persons. Plaintiff and respondent Wilshire Financial Tower (hereinafter Owner) is a joint venture which owns a 21-story office building, constructed in 1962, at 3600 Wilshire Boulevard in Los Angeles. Defendants and appellants are the City of Los Angeles and its various entities responsible for enforcement of the building laws (hereinafter collectively referred to as City). In 1987, Owner sought a building permit to make major renovations on the seventh floor of the building. City required, as a condition of issuance of the permit, that the seventh floor rest rooms be made accessible to the physically handicapped.

Claiming to fall within a statutory exception for multistoried "public accommodations," Owner petitioned the superior court for a writ of man-

date to compel City to consider an alternative proposal which would excuse Owner from modifying the seventh floor rest rooms. The trial court agreed with Owner's interpretation and issued the requested writ of mandate.

We reverse. Pursuant to Health and Safety Code section 19955.5 and Government Code section 4456, Owner must comply with the modern accessibility standards in the area of the renovation. An exception for multistoried public accommodations (Health & Saf. Code, § 19956) has no application to Owner's office building.

## BACKGROUND

Over the years the Legislature has consistently expanded the types of facilities which must be accessible to the physically handicapped.

First, in 1968, the Legislature required that all government funded buildings, structures, sidewalks, curbs and related facilities be accessible to the handicapped. (Gov. Code, § 4450 et seq.; Stats. 1968, ch. 261, § 1, p. 573.)

Then, in 1969, the Legislature required that "public accommodations" constructed in this state with private funds also adhere to the Government Code requirements. (Health & Saf. Code, §§ 19955, 19956, operative July 1, 1970; Stats. 1969, ch. 1560, §§ 1, 2, pp. 3166, 3167.)[1]

In 1971, the Legislature next required that all "passenger vehicle service stations, shopping centers and *office buildings* constructed in this state with private funds" adhere to the standards of the Government Code. (Health & Saf. Code, § 19955.5; Stats. 1971, ch. 821, § 2, p. 1623, italics added.)[2]

Then, later in 1971, the Legislature required certain preexisting structures to conform to the accessibility standards when alterations, structural repairs or additions are made, but the standards apply only to the area of specific alteration, repair or addition. (Gov. Code, § 4456; Health & Saf. Code, § 19959; Stats. 1971, ch. 1458, §§ 1, 2, p. 2874; see 61

---

[1] At that time, "public accommodation" was defined as "a building, structure, or improved area which is used primarily by the general public as a place of gathering or amusement, including theaters, restaurants, hotels, and stadiums." (Stats. 1969, ch. 1560, § 1, p. 3167.) Health and Safety Code section 19955, subdivision (a) currently provides that, "For the purposes of this part 'public accommodation or facilities' means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers."

[2] Health and Safety Code section 19955.5 currently additionally includes offices of physicians and surgeons, and defines "office building" as "a structure wherein commercial activity or service is performed or a profession is practiced, or wherein any combination thereof is performed or practiced in all or the majority of such building or structure."

Ops.Cal.Atty.Gen. 555 (1978); *City and County of San Francisco* v. *Grant Co.* (1986) 181 Cal.App.3d 1085, 1090 [227 Cal.Rptr. 154].) Thus, Government Code section 4456 provides, "After the effective date of this section, any building or facility which would have been subject to this chapter but for the fact it was constructed prior to November 13, 1968, shall comply with the provisions of this chapter when alterations, structural repairs or additions are made to such building or facility. This requirement shall only apply to the area of specific alteration, structural repair or addition and shall not be construed to mean that the entire structure or facility is subject to this chapter." Health and Safety Code section 19959 contains a similar requirement when alterations, structural repairs or additions are made to any existing public accommodation constructed prior to July 1, 1970.

## DISCUSSION

■ Although Owner's private office building was constructed in 1962, Government Code section 4456 requires that if Owner now makes substantial alterations to the seventh floor, the specific area of alteration must conform to current accessibility requirements. Since 1971, Health and Safety Code section 19955.5 has required office buildings constructed with private funds to "adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." In turn, Government Code section 4456 has required since 1971 that "*any* building or facility which would have been subject to this chapter but for the fact it was constructed prior to November 13, 1968, shall comply with the provisions of this chapter when alterations, structural repairs or additions are made to such building or facility." (Italics added.)

Thus, City properly required in 1987, as a condition of a building permit for the seventh floor alterations, that the seventh floor rest rooms in the area of alteration be rendered accessible to the handicapped.

## PUBLIC ACCOMMODATION

There is no merit to Owner's claim that its building is a public accommodation within the meaning of Health and Safety Code section 19956, which contains a limited exception to the accessibility requirements for multistoried public accommodations.

Health and Safety Code section 19956 provides, "All public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code; and *except that in multistoried buildings, stories or mezzanines above the first story are exempt from the requirements of this chapter if a reason-*

*able portion of all facilities and accommodations normally sought and used by the public in such a building are accessible to, and usable by, the physically handicapped.*" (Italics added.) An example of this exception would be a restaurant with similar serving capacities on multiple stories (*People* ex rel. *Deukmejian* v. *CHE, Inc.* (1983) 150 Cal.App.3d 123, 136 [197 Cal.Rptr. 484].)

Claiming to fall within this provision, Owner requested City to consider an alternative proposal. Owner proposed that only the rest rooms on the first, fourth, eighth, eleventh, fifteenth and nineteenth floors be made accessible to the handicapped. Owner contended that under such conditions, "a reasonable portion of all facilities" within the meaning of Health and Safety Code section 19956 would be accessible to the handicapped, and that the requirement as to the seventh floor rest rooms could therefore be deleted.

City rejected this proposal on the ground that section 19956 is not applicable to Owner's office building.

Owner sought, and the trial court granted, a writ of mandate to compel City to "consider" whether Owner's proposal renders a reasonable portion of all facilities accessible within the meaning of Health and Safety Code section 19956.

We hold that the trial court erred, and that City properly concluded section 19956 is inapplicable.

Owner's argument is based on knocking down a straw man. Owner argues that *unless* its office building is construed to be a public accommodation, Owner has no obligation at all, *under Health and Safety Code section 19959*, to comply with accessibility requirements even in the area of specific alteration.[3] This argument is unavailing because it ignores Government Code section 4456. Owner's obligation as to the area of specific alteration does not arise from Health and Safety Code section 19959; it arises from Government Code section 4456, made applicable to Owner's building in light of Health and Safety Code section 19955.5.

As previously quoted, section 19956 itself contains both the actual operative language that public accommodations "shall conform" to the Govern-

---

[3] "Health and Safety Code section 19959 provides: *Every existing public accommodation constructed prior to July 1, 1970, which is not exempted by Section 19956,* shall be subject to the requirements of this chapter when any alterations, structural repairs or additions are made to such public accommodation. This requirement shall only apply to the area of specific alteration, structural repair or addition and shall not be construed to mean that the entire building or facility is subject to this chapter." (Italics added.)

ment Code provisions, and the "reasonable portion" exception. Section 19956 was enacted in 1969, when public accommodation was defined by section 19955 as a building, structure or improved area "used primarily by the general public as a place of gathering or amusement, including theaters, restaurants, hotels, and stadiums." (Stats. 1969, ch. 1560, § 1, p. 3166.)

Private office buildings were not the subject of legislation until two years later, in 1971, when section 19955.5 was enacted. However, section 19955.5 made no reference to public accommodations; it contained its own operative language involving passenger vehicle service stations, shopping centers, and office buildings, and its own exception (a different exception not in dispute in this case).[4] In the operative language, section 19955.5 did not state that office buildings shall conform to the requirements for public accommodations in section 19956; it stated that office buildings "shall adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code."

The actual language of Health and Safety Code section 19955.5 thus shows the Legislature established a separate scheme and exception for office buildings and did not incorporate for office buildings the "reasonable portion" exception involving multistoried public accommodations in section 19956. Neither Health and Safety Code section 19955.5 nor chapter 7 (commencing with § 4450) of division 5 of title 1 of the Government Code contains an exception like the one in Health and Safety Code section 19956.

Because we conclude that Government Code section 4456 requires the area of the seventh floor alterations to conform to the accessibility requirements, and that the exception for multistoried public accommodations in Health and Safety Code section 19956 does not apply to Owner's office building, we do not consider an alternative argument made by the Attorney General in an amicus brief in support of City.[5]

---

[4]As enacted in 1971, Health and Safety Code section 19955.5 provided, "All passenger vehicle service stations, shopping centers and office buildings constructed in this state with private funds shall adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code. As used in this section 'office building' means a building or structure of more than 10,000 square feet of gross floor area wherein commercial activity or service is performed or a profession is practiced, or wherein any combination thereof is performed or practiced in all or the majority of such building or structure. [¶] In multistoried buildings, floors or levels above and below the first floor or ground level are exempt from the requirements of this section if a ramp or elevator is not available to provide public access to such floors or levels."

[5]The amicus brief argues that even if the exception for multistoried public accommodations in Health and Safety Code section 19956 were applicable, a separate requirement relating specifically to "sanitary facilities" in the third paragraph of sections 19955 and 19955.5 should control.

The judgment is reversed with directions to deny the petition for writ of mandate. Costs on appeal are awarded to appellants.

Lucas, P. J., and Turner, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 17, 1990.